## LINCOLN S. S. LINE, Inc., v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 8, 1925.)

No. 341.

1. Salvage ⊜⇒48—Allegation that stranded vessel floated immediately after libelant's efforts to free her held not established.

In suit to recover salvage, allegation that stranded vessel floated immediately after libelant's effort to free her *held* not established by a fair preponderance of credible testimony.

2. Salvage ⊜⇒17, 48—Libelant must show it contributed to successful result, and this by preponderance of evidence.

Libelant, failing to free stranded vessel, can recover salvage only by showing its efforts contributed to successful result, which must be proved by preponderance of evidence.

3. Salvage ⊜⇒49—Whether libelant contributed to successful result in attempting to free stranded vessel held question of fact.

Whether libelant's effort contributed to a successful result in freeing stranded vessel *held* a question of fact.

4. Salvage ⊜⇒48—Preponderance of proof held not to show that libelant's effort contributed to rescue of stranded vessel.

In salvage suit, preponderance of proof *held* not to show that libelant's services contributed to rescue of stranded vessel.

Appeal from the District Court of the United States for the Southern District of New York.

Libel in admiralty by the Lincoln Steamship Line, Inc., against the United States. From a decree of dismissal, libelant appeals. Affirmed.

Salvage claim under Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l) to recover for service by the Aragon, of which libelant was chartered owner, to the Hatteras, a steamship belonging to the United States. The lower court dismissed the libel. Libelant appealed.

Ward D. Williams and Rumsey & Morgan, all of New York City (Mark W. Maclay and John Tilney Carpenter, both of New York City, of counsel), for appellant.

Emory R. Buckner, U. S. Atty., of New York City (William B. Gray, Jr., Sp. Asst. U. S. Atty., of New Rochelle, N. Y., of counsel), for the United States.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HOUGH, Circuit Judge. Respondent's steamship Hatteras stranded on the Florida coast on a falling tide, at approximately 8 p. m. August 12, 1920, and got off (according to her own captain) at 6 p. m. the next day. Libelant's steamship Aragon admittedly tried to haul her off for several hours before she floated, and admittedly also did not succeed, but broke her hawser in the effort, the hawser got into her own wheel, and she became helpless, requiring assistance herself to get into Miami. The libel asserts that Aragon had an exceptionally well-arranged towing apparatus, enabling her to surge or jerk upon whatever she had in tow, and so exert unusual power on a vessel aground, and this was proven. Indeed, we think it undenied that Aragon did all she could, and did it well, until she broke down.

At this point contest arises. The libel asserts that the strain of the jerks that preceded breaking of the hawser "had been sufficient to loosen the Hatteras, which floated immediately afterwards." This was categorically denied by Hatteras, which asserted that Aragon never moved her, and that she floated about an hour and a half after Aragon broke down, when high tide was aided by a swell setting inshore.

[1] Few witnesses were examined below, and most of them testified by deposition, so that, on the vital question of whether Hatteras did float "immediately" after Aragon's supreme effort, confrontation of witnesses was impossible. We agree with the trial judge that this allegation, the essential point of the case as pleaded, was not established by a fair preponderance of credible testimony.

[2] But we think that libelant might still show that Aragon contributed to a successful result, and so had performed a salvage service, within many cases, of which The Santa Rosa, 5 F.(2d) 478, 1925 A. M. C. 744, is a recent instance. But to reach such a result it must be proven by a similar preponderance of evidence that she did so contribute; and simply pulling on a ship a considerable time before favorable tide and swell coincided with floating was not enough,

in the opinion of the very experienced trial judge, and we see no reason to differ.

[3,4] The whole question is one of fact. The service was offered wholly on the "no cure, no pay," principle, and there must be proof of at least contributing to the cure. A different principle applies when a vessel in trouble wants a definite thing done, however unnecessary or even foolish, in the opinion of outsiders, and it is done on request or by consent. Then it must be paid for, even though there be no "cure." Vide The Zaca, 1925 A. M. C. 765.

As we cannot perceive any preponderance of proof that Aragon even contributed to Hatteras' rescue, decree affirmed, without costs.